WEST INDIA OIL COMPANY, Plaintiff and Appellee, *v.* BENÍTEZ SUGAR COMPANY, Defendant and Appellant.

No. 6385.   Argued May 11, 1934.—Decided June 6, 1934.

*González Fagundo & González, Jr.,* for appellants. *J. Carbia* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Defendant in an action "for the recovery of money" appeals from an adverse judgment. The first assignment is that the district court erred in overruling a demurrer based on the theory that the complaint did not state facts sufficient to constitute a cause of action. The complaint contained two causes of action. After setting forth facts sufficient to show that the amount sought to be recovered as a result of the first cause of action was due, plaintiff alleged "that the said sum of $16,607.91" was "due and unpaid" (*está vencida y no ha sido satisfecha*). This was the fifth averment of the complaint. Appellant construes it as meaning that the goods described in the complaint had been sold on credit and that some unspecified period within which payment was to have been made had expired. Section 1095 of the Civil Code provides that: "Should the obligation not fix a period, but it can be inferred from its nature and circumstances that there was an intention to grant it to the debtor, the courts shall fix the duration of the same."

The gist of the argument is that the sales referred to in the complaint extended over a period of eleven months; that in view of this circumstance and of the fifth averment to the effect that some unspecified period had expired, the logical inference should be that the goods were not sold for cash but on credit; and that the complaint fails to state a cause of action because it does not specify the period within which payment was to be made.

When the demurrer came on to be heard, defendant made no reference to its present theory that the fifth averment of

the complaint was tantamount to a statement that the goods had been sold on credit; but instead withdrew its demurrer. After plaintiff had rested and submitted its case, defendant abandoned its affirmative defenses and stated that it had no evidence to offer but would rely upon the theory that the facts stated in the complaint did not constitute a cause of action. Even then, however, it gave no inkling of its theory as to the meaning of the fifth averment. If on either of these occasions defendant had disclosed that theory, plaintiff would have had an opportunity to amend its complaint so as to remove all doubt as to the meaning thereof. After plaintiff had submitted its case, on the pleadings and on the admissions made by counsel for defendant in open court, the court in considering the sufficiency of the complaint had a right to look to the answer of defendant for admissions implied or otherwise that would supply the alleged omissions or remove any doubt as to the meaning of the complaint. The court did not specifically overrule the demurrer to the complaint nor pass on the sufficiency of the complaint considered alone. What the court did was to render judgment for the plaintiff on the facts disclosed by the pleadings, notwithstanding the suggestion made by defendant at the close of the trial that the complaint did not state facts sufficient to constitute a cause of action. In the circumstances, defendant would have small reason to complain of the result, even if its contention as to the meaning of the fifth averment were more tenable.

Plaintiff in the third averment alleged that defendant had purchased the goods at an agreed price, that plaintiff had delivered the goods, and that defendant had accepted the same. This was enough to show that the amount agreed upon was due and owing to plaintiff. The fifth averment although proper was unnecessary. It was simply a formal statement of the result which followed as a corollary from the preceding averments. If, as defendant insisted at the trial, this was not an action on an open or current account, it was an action

to recover the price of goods sold and delivered to defendant and accepted by it. In either case the money became due on delivery and acceptance of the goods. *Sons of Tomás Pietri v. Vicens Borthers,* 33 P.R.R. 241; *Berio v. Frau,* 45 P.R.R. 143, and cases cited. There is nothing in the complaint upon which to pin the theory of an action on a stated or liquidated account. Hence we need not follow counsel for appellant in an extended discussion of the well-recognized differences and distinctions between an open or current account and a liquidated or stated account.

Even if the fifth averment be considered alone, its language is not open to the interpretation sought to be placed thereon by appellant. It is "the said sum of $16,607.91," not a period of time that was alleged to be due (*vencida*). It can not be said that a period of time, definite or indefinite, "has not been paid" (*no ha sido satisfecho*). Moreover, the district judge no doubt construed defendant's denial that the amount sought to be recovered in the first cause of action was due, in connection with the affirmative averments of the answer to the effect that the sales were not made for cash but on credit and that the term within which payment was to be made has not expired. This denial so far as it was not coupled with these affirmative averments, was offset by defendant's admission as to the facts set forth in the third averment. Defendant also objected to the introduction of evidence to prove the facts alleged in the third averment as immaterial because those facts had been admitted by the answer. When the district judge, after some argument said that defendant had admitted in its answer all of the facts set forth as a first cause of action, counsel for defendant apparently acquiesced. Proof of the facts stated in the third averment would have sufficed to show that the amount of the claim was due and plaintiff was not permitted to prove these facts because of defendant's objection on the ground just referred to,

and because of the trial judge's theory as to the scope and extent of the admissions contained in the answer, acquiesced in by defendant. Thus defendant by its conduct admitted at the trial, if not by its answer, that the amount claimed in the first cause of action was due, and cannot now be heard to urge as a ground for reversal what amounts to some ambiguity and uncertainty rather than a failure to state facts sufficient to constitute a cause of action.

Plaintiff alleged as a second cause of action that defendant had subscribed and delivered a certain promissory note set forth in full in the complaint. The note is subscribed "Benítez Sugar Co., R. Ramos Casellas, administrador." If, as appellant insists, the complaint fails to state a cause of action because it does not show that Ramos Casellas was authorized to execute the note, the omission was supplied by the answer. Defendant in its answer expressly admitted that it had "subscribed and delivered to plaintiff" the note set forth in the complaint. Defendant then alleged as a special defense "that at the time of affixing their signatures to the note it was agreed between the creditor and the debtor that if on July 30, 1930, said note could not be paid, the same would be extended to July 30, 1931." Thus defendant admitted the validity of the note and its obligation to pay the same, subject only to the alleged agreement as to an extension or renewal at maturity in the event of defendant's inability to pay. After such admissions and the further admission at the trial that defendant had no evidence to offer as to the alleged agreement for an extension or renewal of the note at maturity, appellant cannot obtain the reversal of a judgment based on such admissions and absence of proof merely because plaintiff failed to allege that Ramos Casellas had been duly authorized to subscribe the name of the defendant corporation as the maker of the note.

The second assignment is that the district court erred in rendering judgment because there was no evidence in sup-

port of the averments of the complaint. This contention is based on defendant's denial of the fifth averment.

The fourth averment of the complaint was that neither defendant nor anyone else had paid the amount referred to in the first cause of action notwithstanding plaintiff's demands for payment. After admitting the truth of this averment and of the third averment as to sale, delivery, and acceptance, defendant alleged that the sale of the goods referred to in the third averment had been made on credit, not for cash, and that the day fixed for payment had not arrived when the complaint was filed. Defendant could not admit the facts set forth in the third averment and at the same time deny the necessary result of these facts, except as a consequence of its own affirmative averment, or else upon its own untenable theory as to the meaning of the fifth averment. Hence the denial of the fifth averment rested entirely upon defendant's own interpretation of that averment or upon defendant's positive averment as to a sale on credit, or upon both. Otherwise, to repeat, it was offset and rendered nugatory by the preceding admission as to the truth of the third averment. So far as it depended for its existence on defendant's construction of the fifth averment, it never had any real existence; for, as we have shown, the fifth averment was not open to that construction. So far as it depended upon defendant's affirmative averment, it ceased to exist when defendant acquiesced in the trial court's theory as to the scope and effect of the admissions contained in the answer, and announced at the close of the trial that it had no evidence to offer but would rely upon the theory that the complaint failed to state a cause of action. The district court, then, did not err in ignoring the dead letter of the denial, and rendering judgment for plaintiff.

The judgment appealed from must be affirmed.